UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERYL HOWELL, | ) | Case No. 5:09 CV 0984 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Sheryl Howell  filed this appeal seeking judicial reversal under 42 U.S.C. §405(g) from

the administrative denial of disability insurance benefits. The parties consented to the

jurisdiction of the Magistrate Judge for all further proceedings including entry of judgment in

accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.


At issue is the ALJ's decision denying disability insurance benefits dated January 29,

2009, which stands as the final decision of the Commissioner (Tr. 15-24); and see 20 C.F.R.

§404.981.  For the reasons that follow, the Court affirms the administrative denial of benefits.


Howell was 49 years of age at the time of the administrative decision, has a high school

degree and had worked as an office manager and receptionist. Ms. Howell contends that she is

disabled due to lumbar degenerative disc disease and small fiber peripheral neuropathy.  The

ALJ found that Howell had not engaged in substantial gainful activity since December 1, 1999

through March 31, 2003, the date her insured status expired, but that she could continue

performing her past relevant work as a receptionist.

2

*Standard of Review:*

Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir.2009) (quoting *Richardson v. Perales*, 402 U.S. at 401). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 506 (quoting  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986).  Accordingly, the Court must defer to the ALJ's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270,  273(6th Cir. 1997); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

*Sequential Evaluation and Meeting or Equaling the Listing of Impairments:*

The Commissioner follows a 5-step review process known as the sequential evaluation. This evaluation begins with the question whether the claimant is engaged in substantial gainful activity and then at the second step whether there is a medically severe impairment.  See §404.1520(a)(4)(i) and (ii) and §416.920(a)(4)(i) & (ii). At the third step of a disability evaluation sequence the issue is whether the claimant has an impairment which meets or equals a

3

listed impairment from the Listing of Impairments of Appendix 1.  See 20 C.F.R.

§404.1520(a)(iii) and (d); §416.920(a)(iii) and (d).  If an impairment exists which meets the

description from the listing or is its equivalent, the claimant is deemed disabled at that point

without consideration of age, education or prior work experience.  See *Bowen v. Yuckert*, 482

U.S. 137, 141, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); *Sullivan v. Zebley*, 493 U.S. 521,

532, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (Once a claimant has met this burden that ". . . his

impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is

awarded benefits without determination whether he can perform his prior work or other work.").

"At the fourth step of the sequential approach described in 20 C.F.R. §404.1520, it is the

claimant's burden to show that [he] is unable to perform her previous type of work."  *Dykes ex*

*rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 467, 2004 WL 2297874, at *3 (6th Cir. 2004));

*Studaway v. Sect'y of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987). Once the

administrative decision-maker determines that an individual cannot perform past relevant work,

then the burden of going forward shifts to the Commissioner at the fifth step to demonstrate the

existence of types of employment compatible with the individual's disability.  *Allen v. Califano*,

613 F.2d 139 (6th Cir. 1980); *Cole v. Secretary*, 820 F.2d 768, 771 (6th Cir. 1987); *Abbott v.*

*Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92

(6th Cir. 1999).

4

*Credibility:*

Howell relies on her assertion that she suffers upper extremity neuropathy combined with vocational expert testimony from the administrative hearing that an individual limited to only occasional fingering would not be able to perform most office jobs as they are performed today (Tr. 337). Her sole contention is that the ALJ erred in failing to devise a proper residual functional capacity, which resulted in an ultimate disability determination which lacked the support of substantial evidence.

As a simple matter of the presence of evidence supporting the ALJ's decision, the ALJ did have the residual functional capacity assessment of the non-examining state agency physician Dr. Holbrook. His assessment was essentially that Howell could perform light work with no manipulative limitations, or restrictions on the use of her hands or feet. (Tr. 194-97). He noted fibral neuropathy, but found this resulted in restriction against work around hazardous machinery. (Tr. 198). This physician also noted that findings indicated decreased sensation in both upper and lower extremities, but his opinion was that Howell could, nonetheless, perform light work, and had no manipulative limitations. (Tr. 195, 197). His opinion provided the ALJ with half the substantial evidence needed to support his decision.

The other half depended on rejection of Howell's allegation of manipulative limitations due to neuropathy. This is essentially a matter of whether the ALJ applied the correct procedure. The ALJ reviewed the medical record and concluded that Howell was exaggerating. (Tr. 18-20). In doing so, the ALJ acknowledged  the correct procedure to evaluate pain allegations as found

5

in Social Security Ruling (SSR) 96-7p. (Tr. 18-22). The question becomes whether the analysis

was supported by substantial evidence.  The role of the court is not to examine the credibility of

claimant's testimony or resolve conflicting evidence but rather to determine whether substantial

evidence supports the Commissioner's determination of disability within the meaning of the

Social Security Act.  See *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).


Credibility determinations track pain analysis.  See *Felisky v. Bowen*, 36 F.3d 1027, 1038-

39 (6th Cir. 1997); *McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995), *cert. denied*, 518 U.S. 1022

(1996); *Walters v. Comm. of Soc. Sec.*, 127 F.3d 525, 531-32 (6th Cir. 1997); and see *Saddler v.*

*Commissioner of Soc. Sec.*, 173 F.3d 429, 1999 WL 137621 (Table 6th Cir. March 4, 1999); 20

C.F.R. §404.1529(c)(3); §416.929(c)(3). The ALJ's discussion of this issue must contain clearly

stated reasons. *Felisky v. Bowen*, 35 F.3d at 1036 (citing *Auer v. Secretary  of Health & Human*

*Servs.*, 830 F.2d 594, 595 (6th Cir. 1987)).  The Commissioner has elaborated on this point

requiring that the administrative decisions, " must contain specific reasons for the finding on

credibility, supported by the evidence in the case record, and must be sufficiently specific to make

clear to the individual and to any subsequent reviewer the weight the adjudicator gave to the

individual's statements and the reasons for that weight."  SSR 96-7p, 1996 WL 374186 *1-2;

*Saddler* at *2.


The format set forth in SSR 96-7p outlines the administrative evaluation process

beginning with traditional two-prong *Duncan*  pain analysis plus the additional regulatory

considerations under 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3).  See *Duncan v. Secretary of*

6

*Health & Human Services*, 801 F.2d 847, 853 (6th Cir. 1986); *Rogers v. Commissioner of Soc.*

*Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Under the two-prong  pain analysis, there first must be a

determination whether there exists an underlying medically determinable physical or mental

impairment followed by the question whether the impairment would be reasonably expected to

produce the individual's pain or other symptoms. SSR 96-7p, 1996 WL 374186 at *2.

       The ALJ found that small fiber peripheral neuropathy "could reasonably be expected to

have caused some of the symptoms she complained of such as pain and numbness in the back and

upper and lower extremities." (Tr. 19- 20). The ALJ pointed to the neurological reports of normal

findings, which indicated a lack of objective evidence. (Tr. 21).  However, the ALJ did not stop

there, but proceeded into the multi-step analysis required under SSR 96-7p and the regulations

for discussions on pain. (Tr. 19, 22). Howell criticizes the ALJ's analysis, but does not establish

that these findings were not supported by the record.  The ALJ applied the correct legal

standards and his findings were supported by substantial evidence.

### *CONCLUSION*

       The issues before this court must be resolved under the standard of whether the

determination is supported by substantial evidence of record.   "Under 42 U.S.C. §405(g), the

ALJ's findings are conclusive as long as they are supported by substantial evidence." *Duncan v.*

*Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986) (stating that this court's

review "is limited to determining whether there is substantial evidence in the record to support

the findings")." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).   Based on the arguments

7

presented, the record in this matter and the applicable law, the undersigned finds that the

Commissioner's determination denying disability insurance benefits followed the correct

procedure and was supported by substantial evidence. Accordingly, the decision must be

affirmed. This is not to say that the Commissioner's decision is the more correct view of the

record.  But  as stated earlier, substantial evidence is a low threshold, and the denial of benefits

was supported by substantial evidence.  "Only when the law permits it may we use our writ to

assuage the hurts that come unbidden to our fellow human beings." *Lane v. Gardner*, 374 F.2d

612, 618 (6th Cir. 1967).


Date:  August 12, 2010                                  s/James S. Gallas
                                                 United States Magistrate Judge